UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x Docket No.:
CYNTHIA GALGANO and JOHN GALGANO,

                           Plaintiffs,

                                                        COMPLAINT

        against

HOME DEPOT USA, INC.,                            Plaintiffs Demand Trial By Jury

                            Defendant.
-----------------------------------------------------------------------x

        Plaintiffs CYNTHIA GALGANO and JOHN GALGANO by their attorney Ralph G.

Reiser, Esq. as and for their Complaint against the defendant HOME DEPOT USA, INC.,

(hereinafter "Home Depot") show to this Court and allege as follows:

## PARTIES

        1.  At all times hereinafter mentioned plaintiffs were and still are residents of the County

of Suffolk, State of New York with an address located at 75 Beaver Drive, Kings Park, New

York 11754.

        2.  At all times hereinafter mentioned the defendant Home Depot was a foreign

corporation organized and existing under the laws of the State of Delaware with a principal place

of business at 2455 Paces Ferry Road SW, Atlanta, Georgia .

        3.  At all times hereinafter mentioned, defendant Home Depot operated a store for the

transaction of business at 5025 Jericho Turnpike, Commack, New York 11725.

        4.  At all times hereinafter mentioned, plaintiffs were business invitees of the defendant at

its store located at 5025 Jericho Turnpike, Commack, New York 11725.

## JURISDICTION AND VENUE

        5.  Plaintiffs are now and at all relevant times have been citizens of the State of New

York

6.  Defendant Home Depot, a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Atlanta, Georgia, is a citizen of the States of Delaware and Georgia.

7.  Pursuant to 28 U.S.C. 1332( c) "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

8.  For purposes of federal diversity jurisdiction, based upon the above, plaintiffs are citizens of the State of New York and the defendant is not a citizen of the State of New York.

9.  There exists complete diversity of citizenship between the plaintiffs and the defendant.

10.  The amount in controversy greatly exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest, costs, disbursements and attorney's fees, as required to sustain subject matter jurisdiction in this Court.

11.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. 1332(a).

12.  At all times hereinafter mentioned, the defendant Home Depot was and still is a foreign corporation duly authorized to conduct and transact business in the State of New York.

13.  At all times hereinafter mentioned, the defendant Home Depot conducted and carried on business in the State of New York

14.  At all times hereinafter mentioned the defendant Home Depot derived substantial revenue from goods used or consumed, or services rendered, in the State of New York.

15.  The claims asserted in this action arise out of the defendant's transaction of business in the State of New York.

2

16.  The defendant Home Depot is subject to the jurisdiction of the Courts of and in the State of New York pursuant to section 302 of the New York Civil Practice Law and Rules.

17.  Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because the defendant Home Depot resides in and is subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claims asserted herein occurred in this district.

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF CYNTHIA GALGANO

18.  Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if more fully set forth herein.

19.  At all times hereinafter mentioned the defendant Home Depot operated a store known as The Home Depot Store # 1202 located at 5025 Jericho Turnpike, Commack, New York 11725.

20.  Upon information and belief, at all times hereinafter mentioned the defendant Home Depot owned the premises located at  5025 Jericho Turnpike, Commack, New York 11725.

21.  Upon information and belief, at all times hereinafter mentioned the defendant Home Depot leased the premises located at  5025 Jericho Turnpike, Commack, New York 11725.

22.  Upon information and belief, at all times hereinafter mentioned the defendant Home Depot operated the premises located at  5025 Jericho Turnpike, Commack, New York 11725.

23.  Upon information and belief, at all times hereinafter mentioned the defendant Home Depot managed the premises located at  5025 Jericho Turnpike, Commack, New York 11725.

24.  Upon information and belief, at all times hereinafter mentioned the defendant Home Depot maintained the premises located at  5025 Jericho Turnpike, Commack, New York 11725.

3

25.  Upon information and belief, at all times hereinafter mentioned the defendant Home Depot controlled the premises located at  5025 Jericho Turnpike, Commack, New York 11725.

26.  On or about April 28, 2018, the plaintiffs were lawfully upon the premises of Home Depot Store # 1202 located at  5025 Jericho Turnpike, Commack, New York 11725.

27.  On or about April 28, 2018, the plaintiffs were lawfully upon the premises of Home Depot Store # 1202 located at  5025 Jericho Turnpike, Commack, New York 11725 as business invitees of the defendant Home Depot.

28.  On or about April 28, 2018 plaintiff Cynthia Galgano, while lawfully at the aforesaid premises in the garden center located therein, was caused to trip and fall violently to the ground due to a garden hose which defendant's employees had stretched across the aisle in which plaintiff Cynthia Galgano was walking, and was seriously injured due to the negligence and carelessness of the defendant, its agents, servants and employees.

29.  Prior to being caused to trip and fall at the aforesaid time and place as aforesaid, plaintiff Cynthia Galgano had earlier walked down that same aisle and was able to do so without being caused to trip and fall because there was no hose stretched across the aisle at that time.

30.  At no time between the time plaintiff Cynthia Galgano last walked down the said aisle without tripping and falling and the time she was caused to trip and fall while again walking down the aisle did the defendant's employees announce or warn or otherwise alert those occupying the premises that they were about to or had stretched a garden hose across the aisle.

31.  The defendant, its agents, servants and/or employees had, or should have had, reason to expect that a person occupying the premises would likely and necessarily encounter the danger of a hose stretched across an aisle of the garden center, and in particular, the aisle of the garden

4

center in which plaintiff Cynthia Galgano was walking.

32. The defendant, its agents, servants and/or employees knew, or should have known that a person occupying the premises would find it likely and necessary to encounter the danger of a hose stretched across an aisle of the garden center, and in particular, the aisle of the garden center in which plaintiff Cynthia Galgano was walking.

33. At all times herein mentioned, the defendant, its agents, servants and/or employees had a duty of reasonable care to warn such persons, and plaintiff in particular, of the danger then and there existing and/or to take other reasonable steps to protect such persons, and plaintiff in particular, from the danger then and there existing.

34. At all times herein mentioned, it was the duty of the defendant, its agents, servants and/or employees to use reasonable care and diligence in the management, ownership, operation, care, custody and control of the said premises and of any dangerous or hazardous condition thereon and at all times to keep the premises in a proper and safe condition.

35. On or about the 28th day of April, 2021 the defendant, its agents, servants and employees were under a duty to properly maintain and care for the aforementioned premises so that said premises were in a safe and proper condition and so that they were not dangerous to those who lawfully used them, and plaintiff in particular.

36. At all times herein mentioned, the defendant, its agents, servants and/or employees further had a duty to keep the premises in a reasonably safe condition for those occupying and traversing the premises, and plaintiff in particular.

37. At the times herein mentioned, and for some time prior thereto, the aforementioned premises were in a dangerous and unsafe condition, the defendant, its agents, servants and/or

5

employees having negligently and carelessly caused and permitted said premises to be and remain in said unsafe and dangerous condition.

38. The defendant, its agents, servants, and/or employees negligently and carelessly maintained the aforesaid premises in an unsafe and dangerous condition, in failing to warn the plaintiff in particular and the general public of the aforesaid dangerous and hazardous condition, in failing to provide a safe passageway for persons traversing the premises, and plaintiff in particular, and in being generally negligent and careless.

39. Upon information and belief, at the time and place aforesaid, the defendant, its agents, servants, and/or employees created the dangerous and hazardous condition that existed and caused plaintiff to trip, fall, and be injured.

40. Upon information and belief, at the time and place aforesaid, the defendant, its agents, servants, and/or employees had actual notice of the dangerous and hazardous condition that existed and caused plaintiff to trip, fall, and be injured.

41. Upon information and belief the defendant, its agents, servants and/or employees had constructive notice of the dangerous and hazardous condition that existed and caused plaintiff to trip, fall, and be injured in that the same had existed for a sufficient length of time prior to the happening of the occurrence herein alleged that the defendants could and should have had such knowledge and notice.

42. The occurrence alleged herein and the injuries resulting therefrom were due solely and wholly to the negligence of the defendant, its agents, servants and/or employees and without any fault or want of care on the part of the plaintiff contributing thereto.

43. At all times hereinafter mentioned, the defendant, its agents, servants and/or

employees were negligent and guilty of culpable conduct in the ownership, operation,

maintenance, and control of said premises; in negligently, carelessly causing, creating and

permitting said premises to be and remain in a hazardous, unsafe and dangerous condition; in

causing, creating, permitting, and/or allowing a dangerous and hazardous condition to be,

continue, and remain upon said premises; in causing allowing, creating, and/or permitting a

hazard, menace, and a nuisance for persons lawfully at said premises, and in particular this

plaintiff; in failing to provide reasonable and adequate protection and safety for persons lawfully

occupying the premises; in inviting and/or permitting members of the public and this plaintiff in

particular to walk in an area of the store that was unsafe and dangerous; in failing to place

appropriate warnings and barricades at entrances and exits to the aisle where plaintiff was

walking; in failing to take reasonable measures necessary to prevent the creation of a hazardous

condition for those persons lawfully at said premises, and in particular this plaintiff; in failing to

hire and train competent personnel for the purpose of maintaining said premises in a safe

condition free of hazards; in failing to adequately supervise those servants, agents, and/or

employees who were present on the premises in order to protect against the creation, and/or

allowance of a hazardous condition; in failing to post any warning signs or barriers; in failing to

properly inspect, maintain and clean said premises; in causing the plaintiff to trip and fall; in

causing, permitting, and allowing said premises to exist and remain in a hazardous and otherwise

unsatisfactory condition, thereby constituting a menace, nuisance, hazard and trap; in failing to

take the necessary and requisite steps to prevent this foreseeable occurrence; in having both actual

and/or constructive knowledge of the dangerous conditions complained of and failing to remedy

it; in violating the applicable rules, statutes, and ordinances which governed the activities of the

7

defendant at the time and place herein mentioned; and in otherwise being negligent.

44.  Solely as a result of the negligence of the defendant, its agents, servants and/or employees, the plaintiff Cynthia Galgano was caused to and did sustain severe, debilitating, painful and serious personal injuries in and throughout the limbs and body; became sick, sore, lame and disabled; was caused to suffer multiple injuries to both upper extremities including pain, swelling and deformity of the left shoulder; an acute comminuted and impacted 3 part fracture of the surgical/anatomical neck of the left humerus with fracture extension to the lateral humeral head and bicipital groove; inferior subluxation of the humeral head with respect to the glenoid; left acromioclavicular widening; edema in the soft tissue adjacent to the fracture; left glenohumeral lipohemarthrosis; permanent loss of strength and mobility of the left shoulder; persistent clicking in left shoulder with pain; pain in left upper arm; right elbow effusion; pain in and sprain of the right wrist; right and left hand numbness; carpal tunnel syndrome of the right and left wrists; contusions, abrasions, and lacerations; was caused to suffer and still continues to suffer great physical pain, mental anguish, and loss of sleep; was confined to a hospital, bed and home; was compelled to undergo hospital and medical aid, treatment and attention and to expend diverse sums of money for same; has been prevented from engaging in said plaintiff's usual occupation and activities for a long period of time, all with attendant losses of income and enjoyment of life; and since some of said injuries are of a permanent and long lasting nature, upon information and belief plaintiff will continue to suffer continuous and persistent pain, suffering, inconvenience, loss of enjoyment of life, and damage in the future.

45.  Plaintiff was caused to sustain damage to her eyeglasses, replacement of which cost $1,000.00.

46. This action falls within one or more of the exceptions contained in Section 1602 of the New York Civil Practice Law and Rules.

47. Plaintiff CYNTHIA GALGANO has thereby been damaged in the sum of Three Million Five Hundred and One Thousand Dollars ($3,501,000.00) together with interest, costs, disbursements and attorneys fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JOHN GALGANO

48. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this Complaint as if more fully set forth herein.

49. At all times hereinbefore mentioned, the plaintiffs, CYNTHIA GALGANO and JOHN GALGANO, were and still are husband and wife and, as such, the plaintiff, JOHN GALGANO, was and is entitled to the comfort, society, and services of his wife, CYNTHIA GALGANO.

50. As a result of the aforementioned negligent acts and omissions on the part of the defendant, its agents, servants and/or employees and the resulting injuries to plaintiff CYNTHIA GALGANO, the plaintiff, JOHN GALGANO, has been denied said comfort, society, and services of his wife, CYNTHIA GALGANO.

51. Plaintiff JOHN GALGANO has thereby been damaged in the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) together with interest, costs, disbursements and attorneys fees.

WHEREFORE, plaintiff CYNTHIA GALGANO demands judgment against the defendant HOME DEPOT USA, INC. in the sum of Three Million Five Hundred and One Thousand Dollars

($3,501,000.0) on the First Cause of Action and plaintiff JOHN GALGANO demands judgment

against the defendant HOME DEPOT USA, INC. in the sum of One Million Five Hundred

Thousand Dollars ($1,500,000.0), all together with interest from the 28th day of April, 2018 and

the costs, disbursements and attorneys fees incurred in the prosecution of this action.

JURY DEMAND

Plaintiffs demand trial by jury.

Dated: Syosset, New York
     April 26, 2019

RALPH G. REISER, ESQ.
Attorney for Plaintiffs
3 Walnut Drive
PO Box 171
Syosset, New York 11791
516-496-9745
516-496-9754 (Fax)
Reiserlaw@aol.com

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          Docket No.:
_____

CYNTHIA GALGANO and JOHN GALGANO,,

                                        .

                                        Plaintiffs,


                            against


HOME DEPOT USA, INC.,

                                        Defendants.

_____


                        COMPLAINT

_____


                    RALPH G. REISER, ESQ.
                    Attorney for Plaintiff
                    Office and P.O. Address
                    3 Walnut Drive
                    P.O. Box 171
                    Syosset, N.Y. 11791
                    (516) 496-9745
                    (516) 496-9754 Fax
                    Reiserlaw@aol.com
_____